**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF COLUMBIA**

|  |  |  |
|---|---|---|
| JANNEY MONTGOMERY SCOTT LLC, | ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Case No. 1:18-cv-96 |
| JASON T. MEIL, | ) ) ) | |
| Defendant. | ) ) | |

**PLAINTIFF JANNEY MONTGOMERY SCOTT LLC'S**
**MEMORANDUM OF LAW IN SUPPORT OF**
**PETITION TO CONFIRM ARBITRATION AWARD AND ENTER JUDGMENT**

Plaintiff Janney Montgomery Scott LLC ("Janney"), by and through the undersigned counsel, respectfully submits this Memorandum of Law in Support of Petition to Confirm Arbitration Award and Enter Judgment.[1]

**I.    THE PARTIES**

Janney is a FINRA-registered broker-dealer.  Further, Janney is a limited liability company and its sole member is Independence Square Properties LLC.  Independence Square Properties LLC is also a limited liability company and its sole member is The Penn Mutual Life Insurance Company ("Penn Mutual").  Penn Mutual is incorporated under the laws of Pennsylvania, with a principal place of business in Horsham, PA.

---

[1] Janney commences this proceeding by way of motion pursuant to 9 U.S.C. §§ 6 and 9 which provide that any application to confirm an arbitration award "shall be made and heard in the manner provided by law for the making and hearing of motions …." Technologists, Inc. v. MIR's Ltd., 725 F. Supp. 2d 120, 124 (D. D.C. 2010).

Defendant Jason T. Meil ("Meil") is an individual citizen of the State of Virginia who resides at 43622 Lees Mill Square, Leesburg, VA 20176.

There are no prior pending or heretofore dismissed civil actions arising out of the same transaction or occurrence alleged in this Petition in this or any other Court, including state courts.

## II. RELEVANT PROCEDURAL AND FACTUAL BACKGROUND

Defendant Meil is a former employee of Janney who, while employed by Janney, executed a promissory note in favor of Janney dated November 20, 2013 in the amount of One Hundred Forty Thousand, Four Hundred Sixty-Seven Dollars and Sixty Cents ($140,467.60) (the "2013 Note"). On January 29, 2014, Janney provided Meil with another forgivable loan in the amount of Twenty Thousand, Sixty-Six Dollars and Eighty Cents ($20,066.80) (the "2014 Note"). On January 22, 2015, Janney provided Meil with a third forgivable loan in the amount of Twenty-Five Thousand, Five Hundred Sixty-Seven Dollars and Forty Cents ($25,567.40) (the "2015 Note"). At the time of his departure from Janney on May 26, 2015, Meil owed a balance of One Hundred Sixty-Seven, Three Hundred Seventy-Six Dollars and Eighty-One Cents ($167,376.81) on the three notes, with interest continuing to accrue at the rate of 1.73 percent per annum on the principal balance of the 2013 note and 1.75 percent per annum on the principal balance of the 2014 and 2015 Notes.

After demand by Janney, Meil refused to pay, and Janney commenced an arbitration proceeding by filing a Statement of Claim on June 22, 2015 with Financial Industry Regulatory Authority ("FINRA") Dispute Resolution. A copy of Janney's Statement of Claim is attached as Exhibit **A**.

Meil agreed to arbitrate the merits of any dispute with Janney in an agreement known as a "Form U-4."[2] On page fourteen, paragraph 5 of the Form U-4, Meil agreed to "arbitrate any dispute, claim or controversy that may arise between me and my firm . . . that is required to be arbitrated under the rules, constitutions or by-laws of the SROs [self-regulatory organizations]" such as Janney.  The U-4 further provides "that any arbitration award rendered against me may be entered as a judgment in any court of competent jurisdiction."  A true and correct copy of the Form U-4 executed by Meil is attached as Exhibit **B**.

FINRA Rule 13200 requires registered representatives such as Meil who are or were associated with a member firm such as Janney to arbitrate disputes that arise out of the business activities of the member firm.  More specifically, the rule entitled <u>Required Arbitration</u> states as follows:

> (a) Generally
> Except as otherwise provided in the Code, a dispute must be arbitrated under the Code if the dispute arises out of the business activities of a member or an associated person and is between or among:
> - Members;
> - Members and Associated Persons; or
> - Associated Persons.

FINRA Rule 13200.

Meil did not appear at the scheduled evidentiary hearing.  On January 24, 2017, after determination of good service, the arbitrator issued an Award in favor of Janney, finding Meil liable for breach of the promissory notes and requiring Meil to pay to Janney compensatory damages in the amount of $166,035.05, interest in the amount of $6,105.94, and costs in the amount of $1,169.00.  A true and correct copy of the Award is attached as Exhibit **C**.

---

[2] A Form U-4 "Uniform Application Securities Industry Registration or Transfer" is an application to FINRA for registration as a general securities representative.

3

Meil was served with the Award by letter dated February 27, 2017. A true and correct copy of the service letter is attached as Exhibit **D**. Meil failed to pay the Award and failed to otherwise respond to FINRA's February 27, 2017 letter. In a letter dated April 20, 2017, FINRA notified Meil that his registration was suspended. A true and correct copy of FINRA's April 20, 2017 letter is attached as Exhibit **E**.

The Award was made in accordance with the terms and provisions of Meil's U-4 and in accordance with FINRA Rules and is in all respects proper.

### III.    RELIEF SOUGHT

Through this Petition, Janney seeks confirmation of the Award. Janney also seeks: (i) a judgment in its favor in the amount of the Award, and (ii) interest accruing from date of the Award and until the judgment is satisfied.

### IV.    LEGAL ARGUMENT

#### A.    Arbitration Awards are Presumptively Valid and Subject to Limited Review Under the FAA

Janney seeks confirmation of the Award pursuant to the Federal Arbitration Act ("FAA"), 9 U.S.C. § 1 et seq., which provides for expedited judicial review to confirm arbitration awards. 9 U.S.C. §§ 9-11. Under § 9, a court "must" confirm an award "unless" it is vacated "as prescribed" in § 10. Id. at § 9. Section 10 lists the exclusive grounds upon which an award may be vacated under the FAA. Id. at § 10. None of those grounds is present here.

"To effectuate the federal policy favoring arbitration, confirmation proceedings under 9 U.S.C. § 9 are extremely narrow inquiries, with limited judicial review of the arbitration process and the award." Technologists, Inc. v. MIR's Ltd., 725 F. Supp. 2d 120, 124 (D. D.C. 2010). As a result, "[a] confirmation proceeding under 9 U.S.C. § 9 is intended to be a summary." Glaser v. Legg, 928 F. Supp. 2d 236, 239 (D. D.C. 2013) (quotations and citations

omitted). Indeed, Section 9 of the Act expressly provides that a petition to confirm must be granted unless the award has been vacated, modified, or corrected under Sections 10 and 11 of the Act. Technologists, 725 F. Supp. 2d at 424 (citing 9 U.S.C. § 9). "Such extremely limited review serves to attain a balance between the need for speedy, inexpensive resolution, on the one hand, and the need to establish justified confidence in arbitration among the public, on the other." Foulger-Pratt Residential Contracting, LLC v. Madrigal Condominiums, LLC, 779 F. Supp. 2d 100, 114 (D. D.C. 2011) (citations and quotations omitted).

    B.    **The Requirements for Judicial Confirmation Pursuant to Section 9 of the FAA Are Satisfied Here**

Section 9 of the FAA, 9 U.S.C. § 9 provides in pertinent part as follows:

> If the parties in their agreement have agreed that a judgment of the court shall be entered upon the award made pursuant to the arbitration . . . , then at any time within one year after the award is made any party to the arbitration award may apply to the court . . . for an order confirming the award, and thereupon the court must grant such an order unless the award is vacated, modified, or corrected as prescribed in sections 10 and 11 of this title. If no court is specified in the agreement of the parties, then such application may be made to the United States court in and for the district within which such award was made….

9 U.S.C. § 9.

Here, Janney has satisfied the requirements because Meil consented to judicial confirmation through the language of his U-4 agreement, in which he agreed that "any arbitration award entered against me may be entered as a judgment in any court of competent jurisdiction." See Ex. **B**. Accordingly, the parties have agreed that a judgment of the court shall be entered upon the arbitration Award.

Finally, this Petition was filed within one year from the issuance of the Award, which was entered on January 24, 2017. See Exhibit **C**. Accordingly, Janney's Petition is timely filed

within one year after the Award was made pursuant to 9 U.S.C. § 9.

## V. CONCLUSION

Janney respectfully requests that the Court confirm the FINRA Arbitration Award and enter Final Judgment on the Award in the amount of $173,309.99 plus interest accruing from January 24, 2017 until the judgment is satisfied.

Respectfully submitted,

Date:  January 16, 2018　　　　　　　　By:   /s/ Andrew W. Bagley
　　　　　　　　　　　　　　　　　　　　Andrew W. Bagley
　　　　　　　　　　　　　　　　　　　　Bar No. 447806
　　　　　　　　　　　　　　　　　　　　1001 Pennsylvania Avenue, N.W.
　　　　　　　　　　　　　　　　　　　　Washington, DC  20004
　　　　　　　　　　　　　　　　　　　　Telephone:　　(202) 624-2672
　　　　　　　　　　　　　　　　　　　　Facsimile:　　(202) 628-5116
　　　　　　　　　　　　　　　　　　　　Email:　　　　abagley@crowell.com

　　　　　　　　　　　　　　　　　　　　Christopher P. Stief *(pro hac motion to follow)*
　　　　　　　　　　　　　　　　　　　　Michael Avila *(pro hac motion to follow)*
　　　　　　　　　　　　　　　　　　　　Fisher & Phillips LLP
　　　　　　　　　　　　　　　　　　　　150 N. Radnor Chester Road, Suite C300
　　　　　　　　　　　　　　　　　　　　Radnor, PA 19087
　　　　　　　　　　　　　　　　　　　　Email:　　　　mavila@fisherphillips.com

　　　　　　　　　　　　　　　　　　　　*Attorneys for Janney Montgomery Scott LLC*